IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alwayne Dontrell Quillin, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Daniel Simon, in his official ) <br> capacity as Sheriff of Lee County, ) <br> also known as Lee County Sheriff's ) <br> Office, ) <br> ) <br> Defendant. ) <br> ) | C/A No.: 3:20-3063-CMC-SVH <br><br> REPORT AND <br> RECOMMENDATION |

Alwayne Dontrell Quillin, Jr. ("Plaintiff") originally filed this matter in the Court of Common Pleas for Lee County, South Carolina, concerning the alleged treatment he received when arrested on July 3, 2017. [ECF No. 1-1]. Daniel Simon ("Simon" or "Defendant"), in his official capacity as Sheriff of Lee County, removed this case from state court based on federal question jurisdiction. This matter comes before the court on Plaintiff's motion to remand. [ECF No. 6].[1]

Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, it is recommended that the court deny Plaintiff's motion to remand.

---

[1] Also pending before the court is Plaintiff's motion to compel, which has not yet been fully briefed. [ECF No. 13].

I.  Factual and Procedural Background

Plaintiff brought this action on March 21, 2019, asserting a claim for negligence pursuant to the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10. [ECF No. 1-1 at 2–6]. On March 25, 2019, Plaintiff filed an amended summons and complaint, asserting the same claim as he had previously. *Id.* at 7–12.

On July 1, 2020, Plaintiff's counsel emailed a proposed second amended complaint to Defendant's counsel that included negligence claims and claims brought pursuant to 42 U.S.C. § 1983. [ECF No. 6 at 3–4]. The following day, Defendant's counsel replied, stating Defendant did not consent to a motion to amend the complaint. *Id.* at 4. Later the same day, Plaintiff filed a motion to amend in state court, attaching his proposed second amended complaint. [ECF No. 12-1; ECF No. 1-1 at 30–57]. On August 10, 2020, Plaintiff was granted leave to amend his complaint for a second time, and Plaintiff filed his second amended complaint on August 20, 2020. [ECF No. 10-1, ECF No. 7 at 1]. On August 26, 2020, Defendant filed its notice of removal of the instant action to this court. [ECF No. 1].[2]

---

[2] Additionally, on September 6, 2020, Plaintiff filed stipulation of dismissal, dismissing his third cause of action from his second amended complaint in its entirety, dismissing his fourth cause of action as to previously-named defendants except as to Simon, and seeking to proceed with "the only Defendant in this case" being "Defendant Daniel Simon in his Official Capacity as Sheriff of Lee County, a/k/a Lee County Sheriff's Office ("LCSO") . . . ." [*See* ECF No. 7]. Defendant has filed a response, consenting to

2

II.   Discussion

    A.   Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts, addressing this matter in published opinions, have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1

---

Plaintiff's stipulation and requesting the court issue an order dismissing all previously-named defendants from this case other than Simon in his official capacity and dismissing Plaintiff's third cause of action in its entirety. [*See* ECF No. 11]. The undersigned, consistent with Plaintiff's stipulation of dismissal, recommends all previously-named defendants, except for Simon in his official capacity, be dismissed and dismissing Plaintiff's third cause of action in its entirety.

3

(4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

B.   Analysis

Generally, any civil action over which a federal court would have original jurisdiction may be removed to that federal court. 28 U.S.C. § 1441(a). Further, 28 U.S.C. § 1446(b)(3) provides in relevant part as follows:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Here, the parties do not dispute this case is removable, but dispute when it became removable, with Plaintiff arguing the operative date of July 2, 2020, when Defendant confirmed receipt of Plaintiff's second amended complaint, and with Defendant arguing August 10, 2020, when the state court granted Plaintiff's motion to amend. Under Plaintiff's theory, Defendant's removal was untimely and warrants remand.

As stated by this court:

> In determining what triggers the removal period, "[a] minority of courts have held that the removal period begins when a plaintiff files a motion to amend." *Nolan v. Sunstate Carriers, Inc.*, C/A

4

No. 4:09-2043-RBH, 2009 WL 5031308, at *3 (D.S.C. Dec. 14, 2009) (citations omitted). On the other hand, "[t]he majority of courts . . . have held that the thirty-day removal period does not begin to run until a state court judge *enters an order granting leave to file an amended complaint.*" *Id.* (citing *Hibbs v. Consol. Coal Co.*, 842 F. Supp. 215 (N.D. W. Va. 1994) (other citations omitted)) (emphasis added); *see also Savilla v. Speedway SuperAmerica, LLC*, 91 Fed. Appx. 829, 830–31 (4th Cir. 2004) (per curiam) (vacating the decision of the district court and finding that removal was not premature where state court granted a motion for leave to file an amended complaint and the Second Amended Complaint was filed with the motion, signed by counsel, and served upon opposing counsel). In other words, "[w]here leave to amend is required, an amended complaint cannot be operative until that leave has been granted. Simply put, in federal court, there is simply no such thing as 'contingent' subject matter jurisdiction." *McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 546 (E.D. Pa. 2011) (footnote omitted). The *Hibbs* court also explained that this rule "relieves defendants from speculating about the state court's ruling or speculating about whether a plaintiff will withdraw a motion to amend if a Notice of Removal is filed." *Hibbs*, 842 F. Supp. at 217.

*Drain v. S.C. Dep't of Educ.*, C/A No. 5:18-03267-JMC, 2019 WL 4409461, at *2 (D.S.C. Sept. 16, 2019); *see also Casto v. JPMorgan Chase Bank, N.A.*, C/A 3:16-5890, 2016 WL 4418226, at *2 (S.D.W. Va. Aug. 17, 2016) (same).[3]

---

[3] Cases cited by Plaintiff are inapposite in that they do not address the specific issue pending before this court, to wit, what triggers the removal period under 28 U.S.C. § 1446(b)(3), the filing or the granting of a motion to amend a complaint. *See, e.g., Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (citations omitted) ("We do not think § 1446(b) requires that the 'motion, order or other paper' be part of the state court record, especially in a case like this where diversity is created by a voluntary act of the plaintiff and the case has already been properly removed. The 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'").

This court in *Drain* agreed with the majority rule, as does the undersigned. Defendant's removal was timely because the notice of removal was filed on August 26, 2020, within thirty days of August 10, 2020, when the state court judge granted Plaintiff's motion to amend. Therefore, Defendant could reasonably "ascertain that the case [was] one which is or ha[d] become removable" on, and not before, August 10, 2020. 28 U.S.C. § 1446(b)(3).[4]

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge deny Plaintiff's motion to remand [ECF No. 6].

IT IS SO RECOMMENDED.

September 22, 2020                           Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] Defendant seeks the court to order Plaintiff to pay Defendant's costs, including attorney's fees, "of having to respond to this frivolous motion." [ECF No. 10 at 2]. The undersigned declines to so recommend where, as stated above, there is some case law in support of Plaintiff's position.

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).