IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Alwayne Dontrell Quillin, Jr.,<br>    Plaintiff,<br>vs.<br>Daniel Simon, in his official capacity as Sheriff of Lee County, also known as Lee County Sheriff's Office,<br>    Defendant. | Civil Action No. 3:20-cv-3063-CMC-SVH<br><br>**ORDER** |

  This matter is before the court on Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, removed to this court August 25, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

  Plaintiff filed a motion to remand on September 4, 2020, arguing the removal from state court was untimely. ECF No. 6. Defendant responded in opposition (ECF No. 10) and Plaintiff replied (ECF No. 12). On September 22, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the motion to remand be denied as the removal was timely filed. ECF No. 14. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the report (ECF No. 15) and Defendant replied (ECF No. 16).

  **I. Standard**

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## II. Discussion

This case was originally filed in state court, asserting a claim of negligence under the South Carolina Tort Claims Act ("SCTCA"). Plaintiff thereafter filed an Amended Complaint containing the same legal claim. During the pendency of the state court action, Plaintiff's counsel sought consent from Defense counsel to file a Second Amended Complaint ("SAC") to include the negligence claim and a new claim under § 1983. Defendant did not consent; therefore, Plaintiff filed a motion to amend in state court on July 2, 2020, attaching his proposed SAC, which included the § 1983 claim. On August 10, 2020, the state court granted leave to amend, and Plaintiff filed his SAC on August 20, 2020. Defendant filed the notice of removal to this court on August 26, 2020.

In his motion, Plaintiff argues Defendant's removal was untimely because it was not filed within 30 days of July 2, 2020, when Plaintiff contends Defendant received notice of the § 1983

2

claim in the SAC.  Defendant disagrees, arguing the case was not removable until the state court granted Plaintiff's motion to amend on August 10, 2020.

The Magistrate Judge analyzed the removal pursuant to pursuant to 28 U.S.C. § 1446, which provides in relevant part:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446(b)(3).  The Report found the majority rule regarding removal after a motion to amend is that removal is proper within 30 days of the court's resolution of the motion to amend.  ECF No. 14 at 4-5 (citing *Drain v. S.C. Dep't of Educ.*, C/A No. 5:18-3267-JMC, 2019 WL 4409461, at *2 (D.S.C. Sept. 16, 2019)).  Therefore, the Report concluded the removal here was timely, and recommended denial of the motion to remand.

Plaintiff objected to the Report, distinguishing some cases cited in the Report and contending Defendant's notice by "other paper," namely, the proposed SAC sent by Plaintiff's counsel, made Defendant aware of the § 1983 claim and triggered the time for removal.  ECF No. 15 at 4.  Plaintiff argues a Fourth Circuit case, *Yarnevic v. Brink's Inc.,* 102 F.3d 753 (4th Cir. 1996), held "the motion, order, or other paper requirement in 28 U.S.C. § 1446(b)(3) is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." *Id.* at 5.  He cites several District of South Carolina cases following *Yarnevic*, and distinguishes *Drain*, in requesting the court decline to adopt the Report and remand the case.

3

Defendant replied to Plaintiff's objections, arguing the "other paper" doctrine does not apply in federal question cases in determining removability, as the "jurisdictional inquiry is normally limited to the plaintiff's well-pleaded complaint." ECF No. 16 at 2-3 (citing *Vince's Crab House, Inc. v. Olszewski*, No. CV JKB-20-2218, 2020 WL 5569744, at *3 (D. Md. Sept. 17, 2020)). Following *Vince's Crab House*, Defendant argues federal question jurisdiction does not attach until a plaintiff has actually filed a claim arising under federal law, and in this case, Plaintiff did not do so until granted leave by the state court on August 10, 2020. He distinguishes *Yarnevic*, as it was based on diversity jurisdiction, which "is not limited . . . to the face of the plaintiff's well-pleaded Complaint." *Id.* at 3.

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation to deny remand. The court finds *Yarnevic* does not control this case, as it dealt with a removal based on diversity jurisdiction. There was no § 1983 claim, and thus no federal jurisdiction over the case, until the state court judge granted Plaintiff's motion to amend. If the state judge had denied the motion to amend, Defendant would not have been able to remove the case based on the notice of the proposed SAC sent by email. Therefore, the time period for removal began when leave was granted to file the SAC on August 10, 2020, and Plaintiff filed the SAC on August 20, 2020. As removal was filed August 26, 2020, it is timely.[1]

---

[1] The Report also declined to recommend ordering Plaintiff to pay costs for requiring Defendant to "respond to this frivolous motion," as requested by Defendant, because there is case law in the Footnote Continued . . .

### III. Conclusion

For the reasons above, Plaintiff's motion to remand is denied. This matter is re-referred to the Magistrate Judge for further pre-trial proceedings.

**IT IS SO ORDERED.**

       s/Cameron McGowan Currie
       CAMERON MCGOWAN CURRIE
       Senior United States District Judge

Columbia, South Carolina
October 7, 2020

---

minority position supporting Plaintiff's position. The court agrees, and declines to award costs or fees.