IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alwayne Dontrell Quillin, Jr., ) | C/A No.: 3:20-3063-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Daniel Simon, in his official ) | ORDER |
| capacity as Sheriff of Lee County, ) | |
| also known as Lee County Sheriff's ) | |
| Office, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Alwayne Dontrell Quillin, Jr. ("Plaintiff"), originally filed this matter in the Court of Common Pleas for Lee County, South Carolina. Daniel Simon, in his official capacity as Sheriff of Lee County ("Defendant"), removed this case from state court on August 26, 2020. [ECF No. 1]. Plaintiff's case concerns the alleged treatment he received when arrested on July 3, 2017, as well as an alleged police cover-up that followed thereafter. Plaintiff asserts claims against Defendant pursuant to 42 U.S.C. § 1983 for failure to disclose evidence and deliberate indifference (fourth and fifth causes of action) and for negligence pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.* (first and second causes of action). [ECF No. 1-1 at 30–57 (operative complaint), ECF No. 7 (stipulation of dismissal as to the third

cause of action and previously-named defendants), *see also* ECF No. 14 at 2 n.1].

This matter comes before the court on Plaintiff's motion to compel. [ECF No. 13]. Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. The motion having been fully briefed [ECF Nos. 22, 25], it is ripe for disposition. For the reasons that follow, Plaintiff's motion is denied without prejudice.

The parties have identified the following three issues Plaintiff seeks to resolve through the motion:

1. Defendant's failure to fully respond to Plaintiff's Fourth Set of Requests for Production ("RFP");

2. Defendant's failure to provide the personal cell phone numbers of the sheriff and certain officers; and

3. Defendant's failure to fully respond to Plaintiff's First Set of Interrogatories regarding the identified witnesses' likely testimony.

[ECF Nos. 22, 25]. According to the parties, all other outstanding issues have been resolved. *See id.*[1]

---

[1] Defendant has admitted to "some delays in fully responding to discovery in this matter," but has informed the court "the vast majority of the issues raised by Plaintiff in his Motion to Compel occurred during the COVID-19 global pandemic," and that the delays were pandemic-related, particularly in that the "primary client-contact in this matter for the defense," Investigator

2

Regarding issue one, Plaintiff served his Fourth Set of RFPs on July 27, 2020, and these requests mainly pertain to certain officers' body camera and in-car dash camera footage. [*See* ECF No. 13-1]. During the pendency of the motion, Defendant served responses to Plaintiff's Fourth Set of RFPs. [*See* ECF No. 22-2]. Regarding RFP Nos. 94–102 and 111–121, Defendant agrees to an inspection of the relevant vehicles and cameras and inspection of "documentation relating to same at a mutually agreeable time for all parties." *See id.* at 13–17, 19–23.

Plaintiff acknowledges that "inspection of the vehicles and cameras . . . is acceptable," but argues "requiring Plaintiff or his counsel to travel to Lee County to review readily available documents does not 'comply with the rules,' as alleged by the Defendant in their email response dated October 20, 2020, with respect to RFP Nos. 94–102 and 111–123." [ECF No. 25 at 1–2].[2]

Plaintiff does not cite, nor is the court aware, of any applicable rules requiring Defendant to produce the requested documents as opposed to allowing Plaintiff to inspect them. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related

---

Mikkos Newman, "succumbed to COVID-19 on June 8, 2020 at the age of 38." [ECF No. 22 at 2–3 (citing ECF No. 22-1)].

[2] As stated above, Plaintiff also references RFP Nos. 122–123. [ECF No. 25 at 1–2]. Defendant states in his response that the relevant information has already been provided. [*See* ECF No. 22-2 at 23–24]. Plaintiff does not address this issue. [*See* ECF No. 25].

3

activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party *may* state that it will produce copies of documents or of electronically stored information instead of permitting inspection.") (emphasis added); *see also, e.g., Sanitary Bd. of City of Charleston, W. Virginia v. Colonial Sur. Co.*, C/A No. 2:18-01100, 2019 WL 4866246, at *2 (S.D.W. Va. Oct. 2, 2019) ("By offering the responding party the option to 'produce copies of documents . . . instead of permitting inspection,' Federal Rule of Civil Procedure 34(b)(2)(B) contemplates that the default way to respond to a request for production of documents is to permit the requesting party to inspect them."). Accordingly, Plaintiff's motion as to this issue is denied.

Regarding issue two, Plaintiff served his Third Set of RFPs on April 28, 2020. [ECF No. 13 at 5]. At issue are the following RFPs:

> 86. Produce a list of all telephone numbers used by Mikkos Newman, Daniel Simon, Lynn Blakeny, Shante Demmy, James Hudson and Chase Iseman from January 1, 2017 to December 31, 2017.
>
> 87. Produce a list of any telephone numbers officers use to call into the Sheriffs Office whether landline or cell phone.

[ECF No. 22-2 at 4–6]. Also at issue are RFPs 88–92 seeking all mobile phone records for certain officers from June 15, 2017, to August 31, 2017. *See id.*

Defendant objected to RFPs 86 and 87 similarly, stating as to RFP 86 as follows:

4

> Objection. Defendant objects to this Request on the grounds that the request is overly broad, unduly burdensome, seeks the production of documentation that is wholly irrelevant to the matters at issue in this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, dissemination of such information, even if relevant, which it clearly is not, would pose a very real and significant security threat, as the individuals named are, or were, active law enforcement officers.

*Id.* at 4.[3] In briefing, Defendant

> maintains its objections regarding Plaintiff's request for the personal cell phone numbers and documentation relating to same for Sheriff Simon and the other officers. Personal cell phone information would reveal countless personal information about these law enforcement officers, without any likelihood of producing relevant and/or admissible evidence, nor would it be likely to lead to the discovery of admissible evidence. Furthermore, the security concerns raised by disseminating such information would grossly outweigh any potentially relevant information they might contain, and therefore the request is not proportional to the needs of this case.

[ECF No. 22 at 4].

Plaintiff first takes issue with Defendant's objections, albeit in the context of issue one, arguing they are "boilerplate." [ECF No. 25 at 1–2]. As cited by Plaintiff, this court has rejected "nonspecific, boilerplate objections," including that a request is "vague, overly broad, or unduly burdensome," also stating that "[a]n objection that a discovery request is irrelevant and not

---

[3] Defendant also objects to RFPs 88–92, stating "Defendant is not in possession of such documentation." [ECF No. 22-2 at 5–6]. Plaintiff does not address this objection, but has indicated that to the extent the documentation requested is not in Defendant's possession, he does not seek that documentation from Defendant. [*See* ECF No. 13-2 at 2–3].

reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence." *Curtis v. Time Warner Entm't-Advance/Newhouse P'ship*, C/A No. 3:12-2370-JFA, 2013 WL 2099496, at *2 (D.S.C. May 14, 2013). Plaintiff additionally responds that the confidentiality order entered in this case while pending in state court "is more than sufficient to provide protection for this information," and to the extent it is not, "Defendant should file their own motion for further protections under Rule 26." [ECF No. 25 at 2–3].

Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Here, however, Plaintiff has failed to identify, or discuss in briefing at all, the relevance of the information requested[4] nor has Plaintiff addressed Defendant's argument that any potential relevance would be greatly outweighed by security concerns beyond referencing protection orders. Although Plaintiff is correct that Defendant has employed boilerplate language in his objections, it is still incumbent on

---

[4] The undersigned notes that Plaintiff's counsel briefly indicated the relevance of the cell numbers at issue in very general terms in an email sent to Defendant's counsel on August 26, 2020, and submitted to the court in conjunction with Plaintiff's motion. [ECF No. 13-2 at 2 ("any cell phones used by the LCSO for incoming calls during the time period relevant to the allegations in the amended complaint, which include two claims for a cover up by the LCSO need to be provided.")].

Plaintiff to make some showing of discoverability of the information sought. *See, e.g., Waters v. Stewart*, C/A No. 4:15-4143-RBH-TER, 2017 WL 770535, at *2 (D.S.C. Feb. 28, 2017) (citations omitted) ("Where a prima facie showing of discoverability has been made by the party seeking discovery, the burden shifts . . . to the resisting party to show lack of relevance . . . ."). Accordingly, Plaintiff's motion to compel as to this issue is denied.

Regarding issue three, Plaintiff served his First Set of Interrogatories on March 26, 2019. [*See* ECF No. 13 at 3]. Interrogatories One and Three[5] request the following:

> 1. Give the names and addresses of person known to the Defendant or their counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicated who has possession of such statements. For each witness identified give their full name, address, all relevant and working telephone numbers and e-mail addresses.
>
> 3. For each person known to the Defendant or their attorney to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the Plaintiff of the important facts known to or observed by the witness, or provide a copy of any written or recorded statements taken from the witness.

[ECF No. 13-5 at 4–6].[6]

---

[5] Interrogatory Number Three is a "standard interrogatory" as provided by S.C.R.C.P. 33(b), "which in essence ask the other side to . . . provide a summary of the witnesses' expected testimony." *Richardson on Behalf of 15th Circuit Drug Enf't Unit v. Twenty-One Thousand & no/100 Dollars ($21,000.00) U.S. Currency & Various Jewelry*, 846 S.E.2d 14, 15 (S.C. Ct. App. 2020).

7

In his initial response, Defendant provided a list of names, stating as to each that the person identified "is expected to testify as to the events and circumstances surrounding the accident of July 3, 2017." *See id.* Plaintiff objected to this response, and in January 2020, Defendant provided to Plaintiff a letter attempting to address certain discovery disputes, including the present issue number three, and further provided a Third Set of Supplemental Answers to Plaintiff's First Set of Interrogatories, providing some additional details of what the various witnesses are likely to testify in this case. [*See* ECF No. 22-4]. More specifically, Defendant provided the following supplemental answers regarding, for example, the officers that were allegedly involved or present on the day in question:

1. Investigator Mikkos Newman
c/o Smith Robinson, LLC

Investigator Newman is, and was at all times relevant, a Deputy of the duly elected Sheriff of Lee County. He is expected to testify as to his knowledge, observations, training, and experiences as may be relevant to the matters at issue in this litigation. Investigator Newman has not given a "statement," as that word is commonly defined, but did author and/or assist in authoring an Incident Report relevant to the matters at issue in this litigation, a copy of which has already been produced by Defendant to Plaintiff in this case. Additionally, Investigator Newman was involved in prosecuting Plaintiff in a related criminal matter,

---

[6] Regarding these interrogatories, Plaintiff appears to have repeatedly sought from Defendant, for example, information such as who struck Plaintiff, who witnessed Plaintiff being struck, and who stated, "he tripped and fell," as heard on the video evidence provided to Plaintiff by Defendant. [*See* ECF No. 13 at 4, ECF No. 13-3 at 1–3, ECF No. 13-6 at 1–2].

which was tried on, or about, August 29, 2019 in the Lee County Magistrate Court. See, Case Number 6102P0335218. Plaintiff was found guilty by jury regarding that criminal charge, which arose out of Plaintiff's actions at the Sammie Wright Nightclub on the night in question. Defendant is not yet in possession of any recording and/or transcript from that trial, but will supplement Defendant's discovery responses accordingly should a copy of that recording and/or transcript be obtained.

2. Investigator Lynn Blakney
c/o Smith Robinson, LLC

Investigator Blakney is, and was at all times relevant, a Deputy of the duly elected Sheriff of Lee County. He is expected to testify as to his knowledge, observations, training, and experiences as may be relevant to the matters at issue in this litigation. Investigator Blakney did author a Voluntary Statement relevant to the matters at issue in this litigation, a copy of which has already been produced by Defendant to Plaintiff in this case.

3. Deputy Chase Iseman
c/o Smith Robinson, LLC

Deputy Iseman is, and was at all times relevant, a Deputy of the duly elected Sheriff of Lee County. He is expected to testify as to his knowledge, observations, training, and experiences as may be relevant to the matters at issue in this litigation. Deputy Iseman has not given a "statement," as that word is commonly defined, but video from Deputy Iseman's patrol vehicle's dash camera has been produced to Plaintiff, and Defendant would crave reference to that video herein. Furthermore, Defendant has produced two videos from a body worn camera that was being worn and operated by Deputy Shante Demary on the night in question, which depict Deputy Iseman, and Defendant craves reference to said videos herein.

5. Shante Demary
c/o Smith Robinson, LLC

Deputy Demary was, at all relevant times, a Deputy of the duly elected Sheriff of Lee County. He is expected to testify as to his

9

> knowledge, observations, training, and experiences as may be relevant to the matters at issue in this litigation. Deputy Demary has not given a "statement," as that word is commonly defined, but did create video using his body worn camera of the vast majority of his encounter with Plaintiff on the night in question, and Defendant would crave reference thereto.

*Id.* at 8–10.[7]

Regarding Defendant's responses to these interrogatories, Defendant argues that "through the formal discovery responses, document production, letters and emails exchange, and the trial transcript, Plaintiff has been provided more than sufficient detail of what the various witnesses in this matter are likely to testify to and Defendant has more than complied with his obligation under the applicable rules." [ECF No. 22 at 5 (citing ECF No. 22-5)]. In response, Plaintiff only argues as follows:

> Plaintiff would maintain that the dramatic inconsistency between the verbal representations of counsel for the Defendant on the material facts of the case, such as whether or not Officer Demary "shoved," or "violently shoved," or "struck" the Plaintiff as shown on the video require that the Defendant supplement their responses to comply with South Carolina state court standard Interrogatory No. 33(b)(7).
>
> Also, why does the LCSO not have body camera footage for Officer Iseman, or in car camera footage for Officer Demary? LCSO Policies require this, yet it allegedly does not exists and / or was inexplicably destroyed. Plaintiff will get more information in depositions for sure, but Defendant cannot be allowed to

---

[7] Defendant also produced a copy of the transcript from the August 29, 2019 trial and conviction of Plaintiff for leaving the scene of the accident that includes limited statements from multiple potential witnesses. [ECF No. 22 at 5 (citing ECF No. 22-5)].

10

withhold all information it does not want to disclose until such time as costly and time consuming depositions take place.

[ECF No. 25 at 3].

Plaintiff's Interrogatory Number Three, in relevant part, requests a summary regarding the important facts known to or observed by a given witness *or* a copy of any written or recorded statements from the witness. As to the officers that were allegedly involved or present on the day in question, Defendant's responses above do not provide a summary, but it appears Defendant has provided written and recorded statements consistent with Plaintiff's requests. Because Plaintiff's motion does not address how Defendant's supplemental responses are deficient regarding these interrogatories and instead focuses on statements made by counsel for the Defendant and unresolved questions Plaintiff has concerning certain evidence in this case, Plaintiff's request to compel Defendant to more fully answer these interrogatories is denied.[8]

For the foregoing reasons, Plaintiff's motion to compel is denied. [ECF No. 13].

IT IS SO ORDERED.

November 3, 2020                             Shiva V. Hodges
Columbia, South Carolina           United States Magistrate Judge

---

[8] The undersigned additionally denies Plaintiff's request for sanctions. [*See* ECF No. 13 at 7–8].