IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Alwayne Dontrell Quillin, Jr.,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>Daniel Simon, in his official capacity as Sheriff of Lee County, also known as Lee County Sheriff's Office,<br><br>　　　　　　Defendant. | Civil Action No. 3:20-cv-3063-CMC-SVH<br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, removed to this court August 25, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report") on non-dispositive matters.

Plaintiff filed a motion to remand on September 4, 2020, which the court denied. ECF Nos. 6 (motion), 14 (Report), 20 (Order). Plaintiff then filed a motion to amend/correct the Order denying remand under Federal Rule of Civil Procedure 59(e). ECF No. 28. Defendant responded in opposition (ECF No. 30) and no reply was filed.

Before the court ruled on the motion to amend, Defendant filed a motion to dismiss. ECF No. 34. The motion was fully briefed (ECF Nos. 35, 36), and the Magistrate Judge has now entered a Report recommending the § 1983 claim be dismissed and the court decline to exercise supplemental jurisdiction over the state law claims. ECF No. 38. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious

consequences if they failed to do so. Plaintiff filed objections to the report (ECF No. 42) and Defendant replied (ECF No. 44).

### I. Motion to Amend

In his motion to amend the order denying remand, Plaintiff argues the court failed to consider an intervening amendment in a controlling statute and failed to consider controlling case law from the Fourth Circuit in denying remand, and therefore the Order entered October 7, 2020 should be amended. ECF No. 28. He contends the language of 28 U.S.C. § 1446(b)(3) was disregarded by the court, as was Fourth Circuit authority in *Yarnevic v. Brink's, Inc.*, 102 F.3d 753 (4th Cir. 1996). In addition, he distinguishes the case relied on by the court, *Vince's Crab House, Inc. v. John Olszewski, Jr., et al.*, No. CV JKB-20-2218, 2020 WL 5569744, at *3 (D. Md. Sept. 17, 2020). He argues the court's effort to distinguish *Yarnevic* based on diversity jurisdiction was "not consistent with the statutory scheme," and asserts *Vince's Crab House* "has almost no bearing on the facts of this case." *Id.* at 5. He contends the proposed Second Amended Complaint ("SAC") that was attached to the Motion to Amend Complaint in state court on July 2, 2020, falls within the statute and was sufficient to put Defendant on notice of the federal § 1983 claim, triggering the time period for removal. Because Defendant removed more than 30 days after that "notice," Plaintiff asserts removal was untimely and the case should be remanded to state court.

Defendant responded in opposition, arguing the motion for reconsideration is without merit as Plaintiff rehashes failed arguments and thus does not provide grounds for reconsideration. ECF No. 30. He cites *Savilla v. Speedway SuperAmerica, LLC*, 91 F. App'x 829, 831 (4th Cir. 2004), finding removal premature when "no complaint asserting a federal question had ever been filed."

2

He contends this court's order denying remand is consistent with *Savilla*, as there was no federal question allowing removal until permission to file the SAC was actually granted. Finally, he notes the federal question jurisdiction inquiry is limited to the face of a well-pleaded complaint, and because the SAC was not operative until at earliest, the state court granted leave to file, he could not remove this action until then.

  a. <u>Standard</u>

Plaintiff brings his motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).[1] Motions to reconsider interlocutory orders, however, are governed by Rule 54(b) of the Federal Rules of Civil Procedure. *See Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).[2] While courts have "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light[,]" than for a final judgment, the court's discretion "is not limitless." *Id.* (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515–16 (4th Cir. 2003)). Instead, in the interest of finality, courts apply the law-of-the-case doctrine, and modify interlocutory rulings only under circumstances similar to those allowed under Rule 59(e). *Id.* "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial

---

[1] Although both Plaintiff and Defendant appear to believe motions under Rule 59(e) must be filed within 10 days of the challenged judgment, Rule 59(e) was amended in 2007 to increase the time period for filing such a motion to 28 days after entry of judgment.

[2] In contrast, Rules 59(e) and 60(b) address alteration, amendment, or relief from final orders or judgments. While these rules address different circumstances, the standards are similar.

3

produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Id.* (quoting *Am Canoe Ass'n* at 15). As with motions under Rule 59(e), motions under Rule 54(e) are not properly used to present evidence or argument that was available but not presented prior to the challenged ruling. *Id.* at 326 (affirming denial of reconsideration where moving party relied on evidence that was available before the challenged ruling); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995) for proposition motions to alter or amend judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."); *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997) (noting reconsideration under Rule 59(e) "is an extraordinary remedy that should be applied sparingly").

### b. *Discussion*

The court denies Plaintiff's motion to amend the Order denying remand, as it finds his arguments unavailing. The pertinent statute, 28 U.S.C. § 1446, states

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one *which is or has become removable*.

§ 1446(b)(3) (emphasis added). In this case, the state court case was not one which was or had become removable until the federal cause of action was added by the SAC. Before the state court granted leave to file the SAC, no federal cause of action was before the court and thus no basis for federal jurisdiction existed, as the parties were not diverse. Although Defendant had notice

4

Plaintiff would be moving to amend his Complaint for a second time, the case was not removable at that point because leave of the court was required before the SAC could be filed and become the operative complaint in the matter. If the state court had denied leave to file the SAC, there would be no federal jurisdiction even if Defendant had attempted to remove the case prior to the state court's ruling. *See Savilla*, 91 F. App'x 831 (finding removal premature because "no complaint asserting a federal question had ever been filed.").

Plaintiff's arguments for reconsideration that the court did not consider an amendment to the removal statute and pertinent Fourth Circuit case law fail. The court explained its reasons for distinguishing *Yarnevic*, as that case was removed based on diversity jurisdiction, while the instant case was removed based on federal question jurisdiction. The Fourth Circuit in *Yarnevic*, while broadly defining "other papers" in § 1446(b), also relied on the "unique posture" of the diversity case, noting "[w]e do not think § 1446(b) requires that the 'motion, order, or other paper; be part of the state court record, *especially in a case like this where diversity is created by a voluntary act of the plaintiff and the case has already been properly removed*." *Yarnevic*, 102 F.3d at 755 (emphasis added). Although Plaintiff argues *Vince's Crab Shack*, a case relied on by the court, is inapposite, the court finds *Yarnevic* bears less on the facts of this case and is therefore distinguishable.

Plaintiff also argues § 1446 was amended in 2011 to add the removal provisions in subsection (c) relating to removal based on diversity of citizenship. He asserts because Congress added those sections, it also could have distinguished between diversity and federal question jurisdiction in subsection (b) had it so desired. He contends because Congress did not require the

5

"copy of an amended pleading" to be a *filed* amended pleading, his proposed SAC should suffice to trigger the removal deadline. The court notes a pleading is not an amended pleading until it is filed. Accordingly, the court's finding that this case was not one "which is or has become removable" until the state court's grant of leave to file the SAC controls.

## II. <u>Motion to Dismiss</u>

The Magistrate Judge recommends granting Defendant's motion to dismiss as to the federal claim(s) brought pursuant to § 1983, as he is not a defendant amenable to suit under § 1983 in his official capacity. ECF No. 38. The Report also recommends this court decline to exercise supplemental jurisdiction over the state law claims and remand the remaining claims to state court. *Id*. at 9.

Plaintiff objects to the dismissal of his § 1983 claim, arguing Defendant waived Eleventh Amendment immunity by removing this case to federal court. ECF No. 42. He also contends Defendant, as an "agency or political subdivision," is a proper party for a *Monell* claim under § 1983. Based on an interrogatory answer, Plaintiff claims Defendant "responded evasively" and did not identify that Sherriff Simon was not a proper party for such a claim. *Id.* at 4. Finally, he requests leave to amend his SAC to include a defendant not barred by the Eleventh Amendment, and asserts that amendment should relate back to the date of the original pleading. *Id*. at 5.

Defendant responded, arguing removal did not waive Eleventh Amendment immunity. ECF No. 44. Further, he contends he is not a proper party under *Monell*, as found by the Magistrate Judge, and that amendment of the SAC would be futile because there is "no amendment that would

warrant a different result, and the federal claims must therefore be dismissed." *Id.* at 4. He requests the court adopt the Report.

        *a. Standard*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

        *b. Discussion*

The court agrees Plaintiff cannot sue Sheriff Simon in his official capacity under § 1983 even under *Monell*.[3] The operative complaint before the court, the SAC, lists as Defendants

---

[3] In *Monell v. Dept. of Social Svcs.*, 436 U.S. 658 (1978), the Supreme Court determined local governing bodies and local officials sued in their official capacities can be sued directly under § 1983 for deprivations of constitutional rights as a result of official policies of that local entity. However, *Monell* does not apply to *state* government agencies or employees, only local municipalities.

7

"Daniel Simon in his Official Capacity of Sheriff of Lee County, a/k/a Lee County Sheriff's Department," and other officers in their official capacities that have since been dismissed from the case. See ECF Nos. 1-1 at 30 (SAC); 7 (stipulation of dismissal). In his stipulation of dismissal, Plaintiff acknowledged "the only Defendant in this case is the removing Defendant Daniel Simon in his Official Capacity as Sheriff of Lee County, a/k/a Lee County Sheriff's Office ('LCSO')." *Id.* at 2.

As noted in the Report, because Defendant is a Sheriff being sued in his Official Capacity only, he is considered an arm of the state and not a "person" within the meaning of § 1983. The same is true to the extent Plaintiff is attempting to bring a § 1983 claim against the Lee County Sheriff's Office via Defendant as the office's representative. Both, therefore, are entitled to Eleventh Amendment immunity and thus cannot be sued in federal court. In addition, Sheriff's Departments and Sheriffs in their official capacities are considered state agencies and employees, not municipal entities or employees, and thus cannot be sued under *Monell* in federal court.

The court disagrees with Plaintiff that removal waives Eleventh Amendment immunity for federal claims, and finds *Lapides v. Bd. of Regents*, 535 U.S. 613, 624 (2002), only applies to waiver of immunity for state law claims. *Lapides*, 535 U.S. at 617 ("It has become clear that we must limit our answer to the context of state law claims, in respect to which the State has explicitly waived immunity from state court proceedings. That is because Lapides' only federal claim against the State arises under 42 U.S.C. § 1983, that claim seeks only monetary damages, and we have held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted. . . . Hence, this case does not present a valid federal claim against the State").

8

Plaintiff's objections regarding *Monell* are also unavailing. He quotes a South Carolina statute unrelated to the federal claim he wishes to bring, and asserts Defendant's position is "a bit of a Catch-22" and Plaintiff is in a "quandary" regarding how to name a proper party for a § 1983 *Monell* claim. However, it is not Defendant's job to assist Plaintiff with naming a proper party for his lawsuit; Defendant only has a duty under Local Rule Interrogatories to note whether he is properly identified, not whether suit can be brought against him for Plaintiff's claims. Agreement to accept service for a lawsuit does not mean the lawsuit is properly structured or will survive a motion to dismiss. Plaintiff also asserts that if Defendant is not a proper party under § 1983, then the case was never removable.

Finally, Plaintiff requests he be allowed to amend his § 1983/*Monell* claim to add a proper Defendant. He also notes he may be able to "renew Plaintiff's 4th Claim for a *Brady* violation based on undisclosed material evidence, which was previously dismissed to avoid a motion to dismiss under *Heck v. Humphrey*." ECF No. 42 at 6. He notes courts "uniformly proclaim policies of resolving claims on their merits, and not on pleading technicalities." *Id.* at 8. Defendant objects, arguing "there is no amendment that would warrant a different result, and the federal claims must therefore be dismissed." ECF No. 44 at 4.

Plaintiff did not request to amend his SAC in his response to the motion to dismiss before the Magistrate Judge. Now, after entry of the Report, he requests amendment "[t]o the extent the *Monell* claim needs to be amended to more clearly add an additional party in addition to the named Defendant 'Daniel Simon, in his Official Capacity as Sheriff of Lee County, a/k/a Lee County Sheriff's Office ('LCSO')'". ECF No. 42 at 6. However, any amendment of the *Monell* claim to

9

add a state agency or employee would be futile, as those defendants are not subject to suit under § 1983/*Monell*. Plaintiff does not appear to allege any facts that would allow amendment to add a proper party under *Monell*. In addition, any claim for a *Brady* violation cannot be brought unless and until the state court conviction is overturned, or it would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### III.  Conclusion

For the reasons above, Plaintiff's motion to amend the order denying remand (ECF No. 28) is denied. After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation the federal claim(s) in this matter must be dismissed. The court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, the court adopts the Report by reference in this Order, and the motion to dismiss (ECF No. 34) is granted in part. The federal claim is dismissed without prejudice, and the state law claims are remanded to the Court of Common Pleas for Lee County, South Carolina.[4]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 22, 2021

---

[4] Defendant also filed a motion for protective order requesting to quash Plaintiff's notice of deposition and to temporarily stay discovery until the court ruled upon Defendant's Motion to Dismiss. ECF No. 37. As this case is being remanded to state court, no further discovery under the purview of this court will occur at this time. Defendant's motion is dismissed as moot.